UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MARILYN MACKENZIE,           :     NO. 1:09-CV-00329
                             :
          Plaintiff,         :
                             :
          v.                 :     **OPINION AND ORDER**
                             :
COMMISSIONER OF SOCIAL       :
SECURITY,                    :
                             :
          Defendant.         :
                             :

       This matter is before the Court on the Magistrate Judge's
September 21, 2010 Report and Recommendation (doc. 12), and
Plaintiff's Objections (doc. 13).   For the reasons indicated
herein, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report
and Recommendation and DISMISSES this case from the Court's docket.

**I. Background**

       Plaintiff filed this action on May 12, 2009, seeking a
judicial review, pursuant to 42 U.S.C. § 405(g) (2006), of the
Commissioner of Social Security's ("Commissioner") denial of
Plaintiff's applications for disability insurance benefits ("DIB")
and Supplemental Security Income ("SSI") (doc. 2).   Plaintiff
filed applications for DIB and SSI in February 2005, alleging
disability starting March 16, 2002 due to a knee injury, a back
injury, loss of strength on her left side, and depression (doc.
12).   After Plaintiff's applications were denied once and then
again upon reconsideration, she was granted a _de novo_ hearing

before an administrative law judge ("ALJ") (<u>Id</u>.). Plaintiff was 56 years old at the time of the ALJ's decision, has a high school eduction and completed three years of college courses, and her past work history includes working as a sales associate in a department store, as a newspaper writer and editor, and as a secretary and manager of a gift store (<u>Id</u>.). At the hearing, Plaintiff and a Vocational Expert ("VE") testified (<u>Id</u>.).

      The ALJ denied Plaintiff's applications, finding that she does not qualify as disabled (<u>Id</u>.). In his decision, the ALJ determined that Plaintiff suffers from a number of joint, degenerative disc, other physical impairments, and depression/anxiety, but that she does not have an impairment or a combination of impairments that meet or equal the Listing of Impairments, 20 C.F.R., Part 404, Supbart P, Appendix 1 (<u>Id</u>.). The ALJ determined Plaintiff has a residual functional capacity ("RFC") such that she is able to lift, carry, push, and pull ten pounds occasionally and five pounds frequently, that she can stand and walk for two hours of an eight hour day, with breaks for stretching, that she can balance, stoop, crouch, crawl, kneel, and climb stairs and ramps (<u>Id</u>.). Although the ALJ stated that Plaintiff should not climb ladders, scaffolds, or ropes, he found her capacity for work falls within the range of sedentary work as defined in 20 C.F.R. 404.1567(a) and 416.967(a) such that she was capable or performing her past relevant work as a secretary,

2

bookeeper, and newspaper editor (Id.).  Accordingly, the ALJ determined that Plaintiff is not disabled under the Social Security Act and is not entitled to DIB or SSI (Id.).  Plaintiff appealed to the Appeals Council, which denied the appeal and therefore made the ALJ's decision the final decision of the Commissioner (Id.).

In his Report and Recommendation, the Magistrate Judge reviewed the ALJ's findings and the medical evidence in the record and concluded that the record contains substantial evidence to support a conclusion that Plaintiff is able to perform her past relevant work and is not disabled (Id.).  Plaintiff filed her Objections on October 1, 2010 (doc. 13), so that this matter is now ripe for the Court's review.

## II. Discussion

The Court reviews this matter de novo because Plaintiff filed objections to the Magistrate Judge's Report and Recommendation.  Fed. R. Civ. P. 72(b).  Rule 72(b) states that "[t]he district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule."  Id.  The Rule further indicates that "[t]he district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions."  Id.

Judicial review of the Commissioner's decision, being that of the ALJ in this case, is limited to determining whether there is substantial evidence in the record to support the factual findings. 42 U.S.C. § 405(g); <u>Smith v. Sec'y of Health & Human Servs.</u>, 893 F.2d 106, 108 (6th Cir. 1989). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." <u>Casey v. Sec'y of Health & Human Servs.</u>, 987 F.2d 1230, 1233 (6th Cir. 1993).

The claimant has the burden of proving by sufficient evidence that she is entitled to DIB and SSI. 20 C.F.R. § 404.1512(a). To show that claimant is entitled to DIB, she must be under 65 years old, have filed an application for DIB, and be under a disability. 42 U.S.C. § 423(a)(1). The only issue in this case is whether Plaintiff is disabled, as defined in Section 423(d). Plaintiff must show that, during the relevant time period, she suffered impairment expected to last at least twelve months, which rendered her unable to perform either the work previously done by her or any other work considered substantial gainful employment that exists in the national economy. 42 U.S.C. § 423(d)(1)-(2).

To show that claimant is an "eligible individual" entitled to SSI, she must meet certain financial qualifications and must be disabled. 42 U.S.C. § 1382(a). The only issue for SSI is again whether Plaintiff is disabled, of which the same standard

applies as for a DIB determination.  20 C.F.R. § 416.905; 42 U.S.C.
§ 423(d)(1)-(2).

**A.    The Magistrate Judge's Report and Recommendation (doc. 12)**

        In the Report and Recommendation the Magistrate Judge
reviewed the five errors Plaintiff assigns in this case (doc. 12).
Plaintiff contends: 1) and 2) the ALJ's RFC determination is
unsupported by substantial evidence, and that her limitations based
on her fibromyalgia and depression/anxiety should limit her to
sedentary unskilled work, 3) the ALJ erred by giving more weight to
the opinions of Drs. Morton and Congbalay, non-examining state
agency physicians, than to the assessment of treating chiropractor
Dr. Bach and treating internist Dr. Vrishabhendra, 4) the ALJ erred
in assessing her credibility, pain, and subjective complaints, and
5) the ALJ erred in relying on answers to improper hypothetical
questions to the vocational expert ("VE") (doc. 6).  The Magistrate
Judge reviewed Plaintiff's contentions, concluding that the ALJ's
RFC findings were consistent with the medical record, and were not
rebutted by other substantial evidence (Id.).  Plaintiff's
arguments center on the ALJ's reliance on the opinions of the non-
examining medical consultants Drs. Morton and Congbalay (Id.).  In
Plaintiff's view, the ALJ should have rejected such opinions in
favor of those of her chiropractor and treating physician (Id.).
However, the Magistrate Judge noted that the ALJ found that as a
chiropractor, Dr. Bach's opinion is not an acceptable source of

5

medical evidence under the Regulations (<u>Id</u>. <u>citing</u> 20 C.F.R. §§ 404.1513; 416.913). As such, the Magistrate Judge noted that the Commissioner is not required to give such an opinion controlling weight (<u>Id</u>.). Nonetheless, the Magistrate Judge found, the ALJ considered Dr. Bach's opinion but found her diagnosis of fibromyalgia not based on clinical evidence (<u>Id</u>.). Dr. Bach's opinion stated that Plaintiff has a positive sedimentation rate and that she was found to have eighteen out of eighteen positive trigger points, but no such tests or reports appear in Plaintiff's treatment records (<u>Id</u>.). As for Dr. Vrishabhendra's opinion, the ALJ noted it merely consisted of a treatment note that Plaintiff be prescribed a handicapped parking placard, that Dr. Vrishabhendra's notes do not show a limitation in Plaintiff's ability to walk, and that Dr. Vrishabhendra actually suggested Plaintiff undergo further evaluation (<u>Id</u>.). Under these circumstances, the Magistrate Judge found the ALJ's reliance on the assessments of Drs. Morton, Congbalay, as well as Drs. Eggerman, Hoyle, and Swain, was proper and constituted substantial evidence of the ALJ's RFC determination (<u>Id</u>.). The Magistrate Judge concluded therefore that such RFC determination falls within the permissible "zone of choice" within which the Commissioner may act without Court interference (<u>Id</u>. <u>citing</u> <u>Felisky v. Bowen</u>, 35 F.3d 1027 (6th Cir. 1994)). The Magistrate Judge further concluded that the ALJ's credibility determination is entitled to deference, and that the ALJ did find

some of Plaintiff's subjective allegations credible, and such credible portions are reflected in the RFC assessment (Id.). Finally, the Magistrate Judge rejected Plaintiff's argument that the VE's testimony was flawed because it was based on an improper hypothetical (Id.). The Magistrate Judge found the VE's testimony was based on a hypothetical person incorporating Plaintiff's RFC, which is supported by substantial evidence, and therefore such testimony was not flawed (Id.). In conclusion, the Magistrate Judge found substantial evidence supported the ALJ's decision, the Magistrate Judge recommended that such decision be affirmed and this case be dismissed from the docket (Id.).

**B.   Plaintiff's Objections (doc. 13)**

Plaintiff focuses her objections on two points (doc. 13). First, Plaintiff contends the Magistrate Judge and the ALJ both erred in the weight they accorded to the opinions of Drs. Bach and Vrishabhendra (Id.). Plaintiff contends the Magistrate Judge and ALJ both erred in claiming the file did not document tender points for a diagnosis of fibromyalgia, because the transcript shows a diagram documenting sixteen of eighteen points for this (Id.). Citing Lawson v. Commissioner, 695 F.Supp.2d 729, 735 (S.D. Ohio, 2010)(J. Beckwith), Plaintiff argues that many experts do not now require eleven of eighteen tender points to diagnose fibromyalgia (Id.). As for Dr. Vrishabhendra's form, Plaintiff contends such form evidences a lifetime duration of disability, showing this

doctor did not expect any improvement (Id.).

In Plaintiff's view, the ALJ failed in giving the most weight to the paper review done in June 2005, and failed to explain what factors he considered under 20 C.F.R. 404.1527 in order to give the paper review such weight (Id.).

Plaintiff's second objection is that the ALJ and Magistrate Judge failed to note that the reviewing doctor did not review much of the medical evidence from the treating sources (Id.). Specifically, Plaintiff contends the reviewing doctor failed to review the records from Group Health Associated (Tr. 614-706, 741-817) and the form completed by Dr. Bach (Tr. 818-824). Plaintiff argues therefore the ALJ erred in giving more weight to the paper reviewer of the file, when the paper reviewer did not review the entire file (Id. citing Ealy v. Commissioner, 594 F.3d 504, 514 (6th Cir. 2010)).

## C.  Analysis

Having reviewed and considered this matter de novo, the Court finds the Magistrate Judge's Report and Recommendation thorough and well-reasoned.  The Court therefore adopts and affirms in all respects the opinions expressed in the Report and Recommendation (doc. 12), and denies Plaintiff's Objections (doc. 13).

In spite of Plaintiff's objections to the Magistrate Judge's report, the Court finds sufficient clinical evidence in the

record to substantiate the ALJ's findings. 42 U.S.C. § 405(g); Smith, 893 F.2d at 108. Specifically, the Magistrate Judge did not err in finding appropriate the ALJ's determination that the opinions of the chiropractor, Dr. Bach, and the internist, Dr. Vrishabhendra were entitled to less weight than the other opinions, which reflected evidence in the record. As the Magistrate Judge noted, the opinion of a chiropractor, for purposes of the Regulations, simply does not constitute a source of medical evidence that is entitled to controlling weight. Walters v. Commissioner of Social Security, 127 F.3d 525 (6th Cir. 1997). Moreover, Dr. Vrishabhendra's "opinion" is that related to the issuance of a handicapped parking placard, and for the reasons articulated by the Magistrate Judge, simply does not constitute substantial evidence in support of Plaintiff's claim for benefits.

As for Plaintiff's second main contention, that the paper reviewer failed to review the complete record, the Court similarly finds such argument lacking in merit. First, Plaintiff fails to identify how that any of the record she cites constitutes substantial evidence of an impairment. Second, the Court's review of such cited exerpts only shows them consistent with the finding that Dr. Vrishabhendra noted Plaintiff's history of fibromyalgia, and that Dr. Vrishabhendra recommended a handicapped parking placard. These records simpy do not rebut any finding that Plaintiff has an RFC that enables her to engage in her former

employment.    Finally,   the   last   exerpt   relates   to   Dr.   Bach's findings,  which,  as  noted  above,  do  not  consitute  an  acceptable medical source.

### III. Conclusion

The  Court  finds  the  ALJ's  decision  to  deny  Plaintiff's applications  supported  by  substantial  evidence  in  the  record,  and thus  the  Commissioner's  decision  is  not  reversible.   42 U.S.C. § 405(g); Smith,  893 F.2d at 108.   Furthermore,  the  case  should  not be  remanded  because  Plaintiff  has  not  made  the  requisite  showing  to justify  a  remand.   Casey,  987 F.2d at 1233.

Having  reviewed  this  matter  de novo,  pursuant  to  Title  28 U.S.C.  Section  636,  the  Court  does  not  find  well-taken  Plaintiff's Objections  to  the  Magistrate  Judge's  Report  and  Recommendation, which  the  Court  finds  thorough,  well-reasoned,  and  correct. Therefore,  the  Court  ADOPTS  the  Magistrate  Judge's  Report  and Recommendation  (doc.  12),  AFFIRMS  the  Magistrate  Judge's Recommendation  (Id.),  ENTERS  judgment  in  favor  of  Defendant Commissioner,  and  DISMISSES  this case from the docket of the Court.


SO ORDERED.


Date: November 5, 2010      /s/ S. Arthur Spiegel
                            S. Arthur Spiegel
                            United States District Senior Judge